# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Abdul Howard,

    Plaintiff

v.

NaphCare, et al.,

    Defendants

Case No. 2:17-cv-02345-JAD-NJK

**Order Screening
First Amended Complaint and
Dismissing Case**

[ECF Nos. 1, 4]

Pro se plaintiff Abdul Howard brings this civil-rights action under 42 U.S.C § 1983 for damages, alleging that his medical records at the Clark County Detention Center (CCDC) were released without his permission during discovery proceedings in a separate lawsuit he's maintaining against CCDC's religious coordinator for violating his religious rights.[1] Because Howard moves to proceed *in forma pauperis*,[2] I screen the claims in his first-amended civil-rights complaint under 28 U.S.C. § 1915A. Because I find that Howard has not pled a colorable constitutional violation, I dismiss his first-amended complaint and close this case.

## Procedural History

This case is rooted in a 2015 civil-rights lawsuit that is now in the summary-judgment phase. In that case, Howard claims that his constitutional rights were violated while he was in pretrial detention at the CCDC because he was prevented from participating in religious services.[3] The only active defendant in the case is Bonnie Polley, CCDC's religious coordinator, who is represented by attorneys Robert Freeman and Noel Eidsmore of the law firm Lewis

---

[1] ECF No. 4.

[2] ECF No. 1.

[3] *See Howard v. Polley et al.,* 2:15-cv-1458-APG-VCF. ECF No. 1-1 at 4–6.

1

Brisbois Bisgaard and Smith LLP.[4]  In this 2017 case, Howard contends that his "entire medical file totaling 586 pages from" CCDC was released to Freeman and used in that 2015 litigation.[5] He alleges that CCDC and NaphCare "released these files" in violation of an array of constitutional provisions and the Health Insurance Portability and Accountability Act of 1996 (HIPAA).[6]

Howard sues NaphCare, Las Vegas Metropolitan Police Department Sheriff Lombardo, "CCDC Owner John Doe," Bonnie Polley, Freeman, Eidsmore, and Lewis Brisbois.  Across two counts, he generally alleges that the defendants violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, the Equal Protection and Due Process Clauses, and HIPAA, and he contends that Lombardo and NaphCare also violated the doctor-patient privilege in NRS §§ 49.225 and 49.245(3).[7]  From each defendant he seeks compensatory and punitive damages of $100 per page of improperly released records, plus $50,000 "for other unauthorized files released and received by said defendants."[8]

## Discussion

### I. Screening standard for pro se prisoner claims

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[9]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

---

[4] *See* docket in *Howard v. Polley*, 2:15-cv-1458-APG-VCF.

[5] ECF No. 4 at 5.

[6] *Id*.

[7] *Id*. at 5, 7, 9.

[8] *Id*. at 18.

[9] *See* 28 U.S.C. § 1915A(a).

monetary relief from a defendant who is immune from such relief.[10] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[11]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[12] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[13] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[14] but a plaintiff must provide more than mere labels and conclusions.[15] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[16] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

---

[10] *See* 28 U.S.C. § 1915A(b)(1)(2).

[11] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[12] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[13] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[14] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[17] *Id.*

## II. Screening Howard's first-amended complaint

### A. Constitutional violations

To state a claim under § 1983, Howard must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.[18] Howard has offered no allegations that would support claims for violation of his First, Fifth, Sixth, Eighth, or Fourteenth Amendment rights or his rights to equal protection and due process. Indeed, he has not demonstrated how the release of his medical records in the course of his 2015 civil lawsuit would rise to the level of any constitutional violation or § 1983 liability against any of the named defendants.

The only defendants that he directly blames here are NaphCare and Lombardo—alleging that his medical file was released at the direction of NaphCare[19] and that Lombardo violated his Fourth Amendment rights by failing to protect him from that unauthorized disclosure.[20] But the law does not recognize liability for that conduct. The Ninth Circuit has held that prisoners do not have a constitutionally protected expectation of privacy in treatment records when the state has a legitimate penological interest in access to them.[21] Howard put his medical condition in question in case number 2:15-cv-1458-APG-VCF by alleging that he suffered emotional distress, pain, and suffering as a result of the unconstitutional behavior of Polley, whom he sues in her official and individual capacity for money damages.[22] Howard therefore has not shown an expectation of privacy in his medical records, so I dismiss his constitutional-violation claims without

---

[18] *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

[19] ECF No. 4 at 5.

[20] *Id.* at 8.

[21] *Seaton v. Mayberg*, 610 F.3d 530, 534-35 (9th Cir. 2010).

[22] *See Howard v. Polley et al.,* ECF No. 77 at 2–3.

4

prejudice and without leave to amend because it appears at this time that amendment would be futile.

**B.     HIPAA**

To the extent that Howard seeks to state a claim against defendants for HIPAA violations, that claim fails as a matter of law. It is well settled in the Ninth Circuit that HIPAA does not provide a private right of action for enforcement of the rights it guarantees.[23] Only the government may bring a claim for a HIPAA violation. Because there is no private right of action under HIPAA, Howard's personal HIPAA claim is not cognizable under 42 U.S.C. § 1983 or any other law, and I dismiss that claim with prejudice.

**C.     State law claims**

The court has the discretion to exercise supplemental jurisdiction over a plaintiff's state-law claims if those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[24] But the court's willingness to exercise supplemental jurisdiction over state-law claims depends primarily on a plaintiff having viable federal claims, and Howard has none.[25] Because Howard's first-amended complaint does not state any colorable federal claim, I dismiss his state-law claims without prejudice to his ability to assert them in a separate state-court action.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Howard's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Howard is not required to pay an initial installment fee, and he may maintain this action to conclusion without prepaying fees or costs or giving

---

[23] *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1080 (9th Cir. 2007); *University of Colorado Hosp. v. Denver Publ'g Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004) (holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that the Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy).

[24] 28 U.S.C. § 1367(a).

[25] *Id.*; *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

5

security for them.  But even if this action is dismissed or otherwise unsuccessful, Howard will still be responsible for paying the full filing fee.  This order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at the government's expense.

To ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED under 28 U.S.C. § 1915, as amended by the PLRA, that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Abdul Howard, #1896061  (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.**  The Clerk of Court is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

IT IS FURTHER ORDERED that the operative complaint is the first-amended complaint **[ECF No. 4]**, and the **Clerk of Court** is directed to **send Howard a courtesy copy of it**.

IT IS FURTHER ORDERED that

- the portions of Howard's claims alleging violations of his constitutional rights are DISMISSED without prejudice but also without leave to amend because it appears at this time that amendment would be futile;
- the portions of Howard's claims alleging HIPAA violations are DISMISSED with prejudice because amendment would be futile; and
- the portions of Howard's claims alleging state-law violations are DISMISSED without prejudice to his ability to file those claims in state court.

The dismissal of these claims leaves no claim pending against any defendant, so the Clerk of the Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

I certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

Dated: November 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey